UNITED STATES of America, Plaintiff,

v.

BESSER MANUFACTURING COMPANY, Stearns Manufacturing Company, Inc., Jesse H. Besser, et al., Defendants.

No. 8144.

United States District Court E. D. Michigan, S. D.

Nov. 8, 1954.

John W. Neville, Detroit, Mich., for the United States.

Howell Van Auken, Lucking, Van Auken & Schumann, Detroit, Mich., Carl H. Henry, Alpena, Mich., for defendants.

PICARD, District Judge.

Originally plaintiff brought action against defendant and others under the Sherman Anti-Trust Act, Title 15 U.S. C.A. §§ 1 and 2. After trial on the merits this court held in favor of plaintiff and entered final judgment April 12, 1951, 96 F.Supp. 304, directing among other things that Gelbman, Andrus, Besser and Besser Mfg. Company must grant at a consideration nonexclusive licenses to applicants to use patents that had heretofore been used exclusively by defendant pursuant to an agreement of December 7, 1942, said agreement being adjudged unlawful and declared null and void, and all other patents obtained within the next ten years after entry of said judgment. Defendants appealed to the United States Supreme Court which affirmed this court without qualification. Besser Mfg. Co. v. United States, 343 U.S. 444, 72 S.Ct. 838, 96 L.Ed. 1063. So much time had elapsed that on remand it was necessary to modify our decree of April 12, 1951, so that compliance dates

would be prospective and on July 29, 1952, after hearing, a new final judgment was entered which made adjustments in dates and for the first time subjected Stearns Manufacturing Co. to the same compulsory licensing provisions operative against the other co-conspirators. Stearns contends that this court exceeded its powers by so modifying its April 12, 1951 judgment and now brings this action pursuant to Rule 60(b) (4) and (5) Federal Rules of Civil Procedure, 28 U.S.C.A., and ask that we delete from our July 29, 1952 judgment, the compulsory licensing provisions as to defendant Stearns, on the ground that they are void, and that changed conditions no longer warrant compulsory licensing by Stearns.

### Findings of Fact

Relief going beyond the compulsory patent licensing provisions of the judgment included that of compelling the Besser interests to divest themselves of 89,-000 shares of stock they held in Stearns. Then the Besser interests having failed to dispose of their Stearns stock, the court on July 21, 1952, appointed a trustee to take control of defendant, vote its 89,000 shares of stock of defendant owned by Besser and to negotiate sale of said stock. After receiving copies of proposed modifications to April 12, 1951 final judgment, defendant filed objections July 25, 1952, stating that this court could not modify the judgment as proposed because it would be, in effect, violating the mandate of the Supreme Court. On July 29th, hearing was held and defendant again presented objections orally, the court overruled objections, and entered final judgment. During the hearing, and when final judgment was entered, defendant was subject to control of the court-appointed trustee and so remained until purchase of the 89,000 shares of stock by Wessely J. Peoples, was approved, November 2, 1953 and the trustee discharged.

### Conclusions of Law

■ 1. As to defendant's motion pursuant to Rule 60(b) (4).

While there is some merit to the government's contention that the Stearns motion to delete compulsory licensing provisions is untimely, we do not desire to rest our decision on such technical grounds. In addition, there is also much merit to Stearns' position that while the affairs of Stearns were under control of this court such period of time should not be construed against it. We hold the motion timely made.

■ 2. As to defendant's contention that modification violates mandate of United States Supreme Court.

This court is unable to discern alleged inconsistency between final judgment as modified and the opinion and mandate of the United States Supreme Court. Besser Mfg. Co. v. United States, supra, the court approved utilization of compulsory patent licensing and stated that drafting the decree was the function of trial court. Affirmance did not render this court powerless to modify.

"Power to modify the decree was reserved by its very terms, and so from the beginning went hand and hand with its restraints." United States v. Swift & Co., 286 U.S. 106, 52 S.Ct. 460, 462, 76 L.Ed. 999.

In the Swift case, supra, judgment of the trial court had been affirmed and upon remand was modified. Although not directed at this specific question now involved court said,

"A court of equity has power to modify a continuing decree of injunction which is directed * * * to the supervision of future conduct in relation to changing conditions.

"This power, if not reserved expressly in the decree, is still inherent".

■ Defendant's citations are not in point. They deal with situations where appellate courts have affirmed judgments aimed at "protection of rights fully accrued upon facts substantially permanent." Anti-trust cases require supervision and modification by trial court after affirmance is permissible if demanded by changing conditions or to

accomplish dissolution of monopoly and restoration of competition. United States v. Swift & Co., supra.

3. Defendant's motion pursuant to Rule 60(b) (6).

The motion must be denied. Change of ownership of corporation recently engaged in monopolization and restraint of trade is no reason for restoration of unfettered freedom. Such a holding would permit retention of ill-gotten gains of the conspiracy and afford opportunity to regain a dominant position in the industry. Needless to say it would give approval to a simple device to circumvent restraints placed on all corporate monopolies adjudged guilty of restraint of trade. Changes that justified removal of restraints are those that did away with reasons for imposing them. In absence of proof that reasons no longer exist, or that as a result of changes decree is oppressive, there should be no modification. United States v. Swift & Co., supra.

There is one point the court desires to direct particular attention to and that is this. The present owners of the Stearns stock bought that stock knowing of all the conditions, including the mandatory licensing provisions of the final judgment, and undoubtedly those conditions and provisions influenced the price they paid to some extent. They are hardly in a position now to object to a final judgment to which they were not a party but the fruits of which they have purchased and now hold as their own.

This has been a long drawn out case in which many attempts of the adverse party were construed by the government as attempts to circumvent the judgment. Only two years have passed and this court in its duty to prevent further violation of the Sherman Act would desire more time in which to determine how all the parties initially affected now co-operate in carrying into fruition the spirit and letter of the mandate of this court.

Motion denied.